# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

INTELLICHECK, LLC, a California Limited Liability Company;
PROPACIFIC FRESH, INC, a California Corporation; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JAMES CUNHA, an individual, on behalf of himself and all others
similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se le entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER |
|---|---|
| (El nombre y dirección de la corte es:)  Humboldt County Courthouse | (Número del Caso): DR 1 60670 |

825 Fifth Street, Eureka, CA 95501
Clerk's Office: 421 "I" Street, Eureka, CA 95501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Patrick N. Keegan, Keegan & Baker, LLP, 6156 Innovation Way, Carlsbad, CA 92009; (760) 929-9303

| DATE: | KIM M. BARTLESON | | |
|---|---|---|---|
| (Fecha)  DEC 20 2016 | Clerk, by  (Secretario) | John B. | , Deputy  (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):  Pro Pacific Fresh, Inc., a California Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FAX FILE

1 | Patrick N. Keegan, Esq. (SBN 167698)
James M. Treglio, Esq. (SBN 228077)
2 | **KEEGAN & BAKER, LLP**
6156 Innovation Way
3 | Carlsbad, CA 92009
Tel:    (760) 929-9303
4 | Fax:    (760) 929-9260

5 | Walter Haines, Esq. (SBN 71075)
**THE UNITED EMPLOYEES LAW GROUP**
6 | 5500 Bolsa Avenue, Ste 201
Huntington Beach, CA 92649
7 | Telephone: (310) 234-5678
Facsimile: (562) 256-1006
8
Attorneys for Plaintiff
9 | JAMES CUNHA

**FILED**

**DEC 20 2016**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

J
R
B

10 |                 **SUPERIOR COURT OF CALIFORNIA**

11 |              **BY AND FOR THE COUNTY OF HUMBOLDT**

12 | JAMES CUNHA, an individual, on behalf of | Case No.   **DR 160670**
himself and all others similarly situated,
13 |
                                              **CLASS ACTION COMPLAINT FOR**
14 |                 Plaintiff,                 **DAMAGES AND INJUNCTIVE RELIEF**

15 |       vs.

16 | INTELLICHECK, LLC, a California Limited | **JURY TRIAL DEMANDED**
Liability Company; PROPACIFIC FRESH, INC., a
17 | California Corporation; and DOES 1 through 100;

18 |                 Defendants.

19 |       Plaintiff JAMES CUNHA (hereinafter "Plaintiff" or "Cunha") by his attorneys, individually and on

20 | behalf of others similarly situated, alleges upon personal knowledge as to himself and his acts stated herein,

21 | and as to all other matters upon information and belief as follows:

22 |       1.    This class action arises from Defendants' acquisition and use of credit reports and

23 | investigative consumer reports (referred to collectively as "consumer reports") to conduct background

24 | checks on Plaintiff and other prospective, current, and former employees. Defendants routinely obtain and

25 | use information from consumer reports in connection with their hiring practices without complying with the

26 | Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), and the Investigative Consumer Reporting

27 | Agencies Act, California Civil Code § 1786, et seq. ("ICRAA"). Plaintiff, individually and on behalf of all

28

Class Action Complaint                              1

1   others similarly situated, seeks general, compensatory, and punitive damages due to Defendants' systematic

2   and willful violation of the FCRA and the ICRAA, as well as injunctive and declaratory relief for

3   Defendants' violation of California's Unfair Competition Law ("UCL"), California Business & Professions

4   Code § 17200.

5                                           **JURISDICTION AND VENUE**

6          2.      This Court has jurisdiction over this action under Cal. Code of Civil Procedure § 410.10

7   since Defendants Intellicheck, LLC, and ProPacific Fresh Inc., are qualified and registered to do business,

8   and in fact, do business, in California. Pursuant to 15 U.S.C. §1581p, the Superior Court of Humboldt has

9   jurisdiction to hear claims under the Federal Credit Reporting Act.

10         3.      Venue is proper in this Court under Code of Civil Procedure §§ 395(a) and 395.5, because

11  Plaintiff, on behalf of all other persons similarly situated, is seeking damages in excess of the jurisdictional

12  minimum of this Court, and the damages alleged occurred in the County of Humboldt.  Moreover, by doing

13  business in this judicial district and committing violations of the Civil Code in this judicial district,

14  Defendants' conduct has had an adverse effect upon the finances of residents of this judicial district.

15         4.      Further, this action does not qualify for federal jurisdiction under the Class Action Fairness

16  Act because this action qualifies for the local controversy exception under 28 U.S.C. § 1332(d)(4) because

17  (1) Plaintiff and over two-thirds of the proposed Class(es) consists of California citizens, (2) Defendants

18  PRO PACIFIC FRESH, INC., and INTELLICHECK LLC, are also citizens of the State of California, (3)

19  all the damages occur within the State of California, and (4) within the past three years, no competing class

20  action has been filed.

21                                                 **PARTIES**

22  A.     **PLAINTIFF**

23         5.      Plaintiff JAMES CUNHA is a citizen of the state of California, who honorably served in the

24  United States Marine Corps from 1990 to 1994, a veteran of Desert Storm,  and was employed by Defendant

25  ProPacific Fresh, Inc., as a delivery driver from April 29, 2016 until May of 2016. As part of his application,

26  Plaintiff disclosed his prior criminal history, and agreed to undergo various screenings, such as a screening

27  of his driving record, a drug test, and a test to verify his citizenship. In addition, and as part of the packet

28  of information provided to Plaintiff, Plaintiff was required to undergo a background check that  provided

1    information pertaining to his credit history, his driving records, and his criminal history. Cunha is, and was

2    at all relevant times herein, a citizen of the State of California, and a resident of Humboldt County. As a

3    result of the investigative consumer report conducted by the Defendants, Plaintiff was terminated from his

4    position with Defendant PRO PACIFIC FRESH, INC.

5    **B.    DEFENDANTS**

6    6.    Defendant PRO PACIFIC FRESH, INC., ("ProPacific") is a California Corporation with its

7    principal place of business located in Durham, California. According to its website,

8    www.propacificfresh.com/about.php, "ProPacific Fresh specializes in the distribution of quality fresh food

9    products to a diverse customer base including foodservice, retail, healthcare, schools, institutional and

10   distributors throughout central and northern California and western Nevada."

11   7.    Defendant INTELLICHECK, LLC ("Intellicheck"), is a California limited liability company,

12   with its principal place of business located in Orange, California. Operating now under the fictitious name

13   of "Consumer Reporting Compliance Associates," Intellicheck conducts background checks of potential

14   employees for its customers.

15   8.    Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES

16   1 through 100, and therefore sues these defendants by such fictitious names.  Plaintiff alleges on information

17   and belief that at all relevant times each of the DOE defendants was responsible in some manner for the acts,

18   omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby.

19   Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants after they

20   have been ascertained. Plaintiff is informed and believe, and based thereon allege, that the this Court has

21   both subject matter and personal jurisdiction over DOES 1 through 100, inclusive, and that venue is proper

22   in this Court with respect to those defendants.  Any reference made to a named defendant by specific name

23   or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100,

24   inclusive.

25   9.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times,

26   Defendants and DOES 1 through 100, inclusive, were the owners, directors, officers, agents, representatives,

27   partners, shareholders, and related or affiliated entities of Defendants, and/or natural persons who are the

28   owners, directors, officers, or managing agents of Defendants ProPacific and Intellicheck, Plaintiff's and

1    the Class' employer, and in doing the things hereinafter mentioned, were acting in the course and scope of

2    their agency, employment, relationship or retention with the permission, consent, authority and ratification

3    of Defendants. Plaintiff is presently unaware of the true names and identities of those defendants fictitiously

4    sued herein as DOES 1 through 100.

5                              **COMMON FACTUAL ALLEGATIONS**

6           10.     This case arises out of Defendants' unlawful policies and procedures by which it obtains and

7    uses consumer reports of applicants seeking employment but fails to provide applicants with the statutorily

8    required disclosures, conducts investigative consumer reports for an impermissible purpose, and does not

9    lacks the privacy policy required by law. Further, the investigative consumer reports include arrests that did

10   not result in convictions, and convictions that occurred more than seven years prior to the investigative

11   consumer report was generated. For these violations, Plaintiff and members of the Class are seeking statutory

12   damages of $100 to $1,000 under the FCRA, actual damages under the ICRAA, and injunctive relief and

13   restitutionary disgorgement under the UCL.

14          11.     Defendants ProPacific and Intellicheck are "persons" under the FCRA, as defined by 15

15   U.S.C. § 1681a(b). Plaintiff and all those similarly situated qualify as "consumers" as defined by 15 U.S.C.

16   § 1681a(c). As a matter of policy and practice, Defendants obtain and use consumer reports on applicants

17   seeking employment with Defendant ProPacific. The consumer reports used by Defendants qualify as

18   "consumer reports" under the FCRA, as defined by 15 U.S.C § 1681a(d) because the reports indicate the

19   consumer's credit worthiness, credit standing, credit capacity, character, general reputation, or mode of

20   living, and are used to consider the consumer for employment. These reports also qualify as an "investigative

21   consumer report" under Cal. Civil Code § 1786.2(c).

22          12.     During the Class Period, Plaintiff and each putative class member applied for employment

23   with ProPacific. As a matter of policy and practice, Defendant ProPacific requires all applicants to sign an

24   "Disclosure and Authorization for Consumer Reports" form during the application process. However, the

25   "Disclosure and Authorization for Consumer Reports" ("Disclosure") form, and all other documents

26   provided to applicants by Defendants, violated the FCRA and the ICRAA by failing to provide the applicant

27   with numerous required disclosures, including but not limited to statements that: (1) the applicant may

28   obtain a copy of the report after 60 days following submission of the authorization; (2) the applicant has the

Class Action Complaint                              4

1   right to view the consumer report at the offices of the consumer reporting agency with another individual

2   who furnishes proper identification; and (3) a statement summarizing the provisions of Cal Civ. Code §

3   1786.22. Additionally, Defendants failed to disclose to Plaintiff that they were about to take adverse action

4   against Plaintiff's employment as a result of the information contained within the investigative consumer

5   report, in violation of the FCRA.

6          13.    This conduct of the investigative consumer report without proper notification and disclosure

7   would be actionable on its own, but the Defendants further violated the ICRAA by conducting investigative

8   consumer reports on Plaintiff, and other members of the Class, who were employed as delivery drivers of

9   produce. As such, they do not qualify as the sort of employees, per California Labor Code section 1024.5,

10  for whom investigative consumer reports can be used for employment purposes.

11         14.    Further, the investigative consumer report conducted by Intellicheck contains information

12  regarding arrests that did not result in conviction, and for misdemeanor convictions that antedate the

13  investigative consumer report by more than seven years, in violation of the FCRA.

14         15.    As a result of Defendants' wrongful acts and omissions, Plaintiff and others similarly situated

15  have been injured including, without limitation, having their privacy and statutory rights violated in violation

16  of the FCRA and the ICRAA. Plaintiff seeks, on behalf of himself and all others similarly situated, statutory,

17  actual, and compensatory damages, punitive damages, injunctive relief, and expenses of litigation including

18  costs and attorney fees.

19  **A.     PLAINTIFF JAMES CUNHA**

20         16.    Plaintiff JAMES CUNHA applied for, and received a position as a delivery driver with

21  ProPacific on April 30, 2016. As part of his orientation as a delivery driver, Plaintiff was required to agree

22  to allow ProPacific to conduct a review of Plaintiff's driving records, agree to a drug test, and agree to an

23  investigative consumer report, as defined by Cal. Civil Code §1786.2.

24         17.    The authorization Plaintiff was required to sign, as part of a packet of information he was

25  required to sign upon hiring, did not include a statement as to why Plaintiff was required to undergo a credit

26  check, nor would Plaintiff, as a delivery driver for ProPacific, qualify for a credit check for employment

27  purposes, as specified under Cal. Labor Code §1024.5. Specifically, Labor Code §1024.5 prohibits the use

28  of a consumer credit report for employment purposes unless the position of the person for whom the report

1    is sought is any of the following: (1) a managerial position, (2) a position with the state Department of

2    Justice, (3) a sworn police officer or other law enforcement position, (4) a position for which information

3    contained in the report is required by law, (5) a position that involves regular access of bank or credit card

4    information, (6) a position that is authorized to transfer money on behalf of the employer, (7) a position with

5    access to proprietary information, or (8) a position that involves access to $10,000 or more in cash. As a

6    delivery driver of grocery products, Plaintiff did not and does not meet any of the exceptions stated in Cal.

7    Labor Code §1024.5, and as such, the investigative consumer report was conducted for an improper purpose.

8        18.    Despite the fact that the investigative consumer report was conducted for an improper

9    purpose, Plaintiff was required to sign a "Disclosure and Authorization for Consumer Reports" form during

10   the application process. However, the "Disclosure and Authorization for Consumer Reports" ("Disclosure")

11   form, and all other documents provided to applicants by Defendants, violated the FCRA and the ICRAA by

12   failing to provide the applicant with numerous required disclosures, including but not limited to statements

13   that: (1) the applicant may obtain a copy of the report after 60 days following submission of the

14   authorization; (2) the applicant has the right to view the consumer report at the offices of the consumer

15   reporting agency with another individual who furnishes proper identification; and (3) a statement

16   summarizing the provisions of Cal Civ. Code § 1786.22. Additionally, Defendants failed to place the

17   disclosure statement in a clear and conspicuous manner on a separate document consisting solely of the

18   disclosure, which violates both the FCRA and ICRAA.

19       19.    Once Plaintiff signed the Disclosure, Intellicheck obtained the investigative consumer report

20   on behalf of, and at the instruction of, ProPacific. In violation of the FCRA and ICRA, the investigative

21   consumer report contained information on Plaintiff's misdemeanor convictions from 2006 (more than seven

22   years prior to the report) and included information of arrests in 2014 that did not result in a conviction. As

23   a result of the information contained in the investigative consumer report, obtained by ProPacific through

24   Intellicheck, and received by ProPacific on or about May 15, 2016, Plaintiff's employment with ProPacific

25   was terminated on May 20, 2016 based strictly on the items found in his investigative consumer report.

26       20.    Prior to his termination, Plaintiff was never provided with any notification that ProPacific

27   intended to take adverse action against Plaintiff for the information contained within the investigative

28   consumer report, nor was Plaintiff provided with a copy of the investigative consumer report until June 14,

2016, and then, only at the express request of Plaintiff's counsel in express violation of 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

**CLASS ACTION ALLEGATIONS**

21.     This action has been brought and may be maintained as a class action under California Code of Civil Procedure § 382 because the proposed class is easily ascertainable and there is a well-defined community of interest in the litigation, as described further below.

22.     Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent a class of persons defined as follows:

Class I (FCRA Applicant Class):

All California citizens who applied for employment with ProPacific commencing from five (5) years immediately preceding the filing of this lawsuit for whom a consumer report was obtained as part of the employment application process.

FCRA Subclass I

All California citizens who (i) commencing from two (2) years prior to the filing of this lawsuit; (ii) applied for employment with Defendants; (iii) were the subject of a consumer report used by Defendants for employment purposes; (iv) were the subject of an adverse employment action by Defendants; and, (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

Class II (ICRAA Applicant Class):

All California citizens who applied for employment with ProPacific commencing from two (2) years immediately preceding the filing of this lawsuit for whom a consumer report was obtained as part of the employment application process.

ICRAA Subclass II

All California citizens who were subject to an investigative consumer report performed by Intellicheck commencing from two (2) years immediately preceding the filing of this lawsuit.

Class III (UCL Class ):

All California citizens who applied for employment with Defendants commencing from four (4) years immediately preceding the filing of this lawsuit, who executed the Disclosure form.

23.     Members of the Classes and Subclasses described above will be referred to as "class members." Plaintiff reserves the right to amend or modify the class definition(s) and to add additional subclasses as appropriate. Defendants and their shareholders, officers, directors, and managing agents are excluded from the Class.  Plaintiff is informed and believes that over two-thirds of the Class are citizens of

the state of California. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class definition and Class Period with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovery by Plaintiff during his future investigations.

24.     This action is properly maintainable as a class action.  Although Plaintiff does not, as yet, know the exact size of each class and subclass, based upon the nature of the Defendants' business, Plaintiff believes that there are numerous Class members, and that Class members are geographically dispersed throughout the state of California.  Thus, each class and subclass is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of the claims of the members of each class and subclass through this class action will benefit both the parties and this Court.  In addition, each class and subclass is readily identifiable from information and records in the possession of ProPacific, Intellicheck, the members of each class and subclass, and third parties.

25.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to each class and subclass predominate over questions which may affect individual class and subclass members, including the following:

(a) Whether Defendants failed to provide applicants with a valid disclosure under the FCRA and ICRAA;

(b) Whether Defendants failed to provide a copy of the investigative consumer report prior to taking adverse action against Plaintiff and Class I;

(c) Whether the investigative consumer report was obtained for an impermissible purpose under the ICRAA;

(d) Whether the disclosure documents provided by Defendants sufficiently summarized the provisions of Cal Civ. Code § 1786.22;

(e) Whether the investigative consumer reports contained information regarding misdemeanor convictions older than seven years, and/or information regarding arrests that did not lead to convictions;

(f) Whether Defendants willfully violated the FCRA, requiring statutory damages pursuant to 15 U.S.C. § 1681n(a);

(g) Whether Defendants' conduct in violation of the FCRA, requiring statutory damages of $100 to

1  $1,000 per Class Member pursuant to 15 U.S.C. § 1681n(a)

2        (h) Whether Defendants' conduct as described herein constitutes a violation of the UCL;

3        (i) Whether Plaintiff is entitled to injunctive relief;

4        (j) Whether Defendants are liable for attorney fees and costs.

5      26.    Plaintiff and the Class members' claims for restitution and damages arise from and were

6  caused by Defendants' denial and failure to provide adequate notice under the FCRA and ICRAA, the

7  Defendants unlawfully obtaining the investigative consumer reports of Plaintiff and the members of the

8  ICRAA Class, and the Defendants willfully providing information in the investigative consumer reports. For

9  these violations, Plaintiff and members of Class I seek statutory damages of not less than $100 and not more

10  than $1,000 per individual, and Plaintiff and members of Class II actual damages for violations of the

11  ICRAA.

12      27.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interest

13  that is contrary to or in conflict with those members of the Class he seeks to represent.  Furthermore,

14  Plaintiff has retained counsel experienced and competent in the prosecution of complex class action

15  litigation involving the Labor Code violations alleged herein to further ensure such protection and he intends

16  to prosecute this action vigorously.

17      28.    The prosecution of separate actions by individual members of the Class would create a risk

18  of inconsistent or varying adjudications with respect to individual members of the Class, which would

19  establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious

20  trials of the numerous common questions of fact and law.  Plaintiff knows of no difficulty that will be

21  encountered in the management of this litigation that would preclude its maintenance as a class action. As

22  a result, a class action is far superior to other available methods for the fair and efficient adjudication of this

23  controversy.

24      29.    Proper and sufficient notice of this action may be provided to the Class members through

25  notice by such means as direct mail, electronic mail, publication on the internet, and/or television, radio,

26  and/or print media outlets.

27      30.    Plaintiff and the Class have suffered irreparable harm and damages as a result of Defendants'

28  wrongful conduct as alleged herein.  Absent a representative action, Plaintiff and the Class will continue to

Class Action Complaint         9

1    suffer losses, thereby allowing these violations of law to proceed without remedy, and allowing Defendants

2    to retain the proceeds of their ill-gotten gains.

3        31.    In addition, Defendants have acted or refused to act on grounds generally applicable to the

4    Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

5                            **FIRST CAUSE OF ACTION**
                **FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
6                    **(Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d)**
         **(On Behalf of Plaintiff and Class I [FCRA Applicant Class] Against All Defendants)**
7
8        32.    Plaintiff hereby incorporates by reference paragraphs 1 through 31 as though fully set forth

     herein.
9
10       33.    Defendants are "persons" as defined by 15 U.S.C § 1681a(b) of the FCRA. Defendants

11   obtained and used consumer reports of applicants for employment purposes. Plaintiff and Class I members

     are "consumers" as defined by 15 U.S.C § 1681a(c) because they are individuals. At all relevant times,
12
     Plaintiff and class members were applicants for employment with Defendants.
13
14       34.    15 U.S.C. § 1681b(b)(2)(A) provides that a person may not procure a consumer report for

15   employment purposes unless the person provides the applicant with a "clear and conspicuous" disclosure

     "in a document that consists solely of the disclosure."
16
17       35.    By including an authorization to obtain a physical examination and conduct drug and alcohol

18   tests as well as other matters, Defendants violated 15 U.S.C. § 1681b(b)(2)(A) by not providing Plaintiff and

     Class I members with a "clear and conspicuous" disclosure "in a document that consists solely of the
19
     disclosure."
20
21       36.    At all relevant times, Defendants had a policy and practice that failed to provide a separate

22   document that consisted solely of the disclosure as required by 15 U.S.C. § 1681b(b)(2)(A).

23       37.    15 U.S.C. § 1681d(a) provides that the written disclosure statement must include a statement

24   informing the consumer of his right to request additional disclosures concerning the nature and scope of the

     investigation for the consumer report. 15 U.S.C. § 1681d(a) also provides that the written disclosure
25
     statement must include a summary of the consumer's rights under 15 U.S.C. § 1681g(c).
26
27       38.    At all relevant times, Defendants violated 15 U.S.C. § 1681d(a) of the FCRA by maintaining

28   a policy and practice where Defendants failed to provide Plaintiff and Class I members with a disclosure

statement identifying the consumer's rights to request additional disclosures concerning the nature and scope of the investigation for the consumer report and by failing to provide a summary of the consumer's rights under under 15 U.S.C. § 1681g(c).

39.    Defendants' conduct in violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d was and is willful. Defendants acted in deliberate or reckless disregard of Defendants' obligations and the rights of applicants, including Plaintiff and Class I members.

40.    As a result of Defendants' conduct, Plaintiff and Class I members have sustained harm, including but not limited to, invasion of privacy and violation of statutory rights.

41.    Plaintiff, on behalf of himself and all Class I members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages of not less than $100 and not more than $1,000 per Class I member, and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

42.    In the alternative to Plaintiff's allegation that the aforementioned violations were willful, Plaintiff alleges that the violations were negligent and seeks the remedy of actual damages pursuant to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. § 1681b(b)(2)(B) and 15 U.S.C. § 1681m)**
**(On Behalf of Plaintiff and FCRA Subclass I Against All Defendants)**

43.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

44.    Plaintiff and each FCRA Subclass I member is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

45.    The background or consumer reports that Defendants purchase regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

46.    The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

47.    For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

48.    Defendants are each a "person" that regularly uses consumer reports for employment purposes.

49.    The FCRA requires Defendants, as users of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

50.    Defendants negligently and/or willfully violated section 1681b(b)(3) of the FCRA by failing to provide to Plaintiff and each FCRA Subclass I member about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

51.    Pursuant to sections 1681n and 1681o of the FCRA, Defendants are each liable for negligently and/or willfully violating FCRA section 1681b(b)(3) by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action against Plaintiff and each FCRA Subclass I member based in whole or in part on the consumer report.

**THIRD CAUSE OF ACTION**
**FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**
**(Violation of California Civil Code 1786, et seq.)**
**(On Behalf of the Plaintiff and Members of Class II Against All Defendants)**

52.    Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

53.    Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a). Plaintiff and Class II members are "consumers" as defined by Cal. Civ. Code § 1786.2(b), as they are natural individuals who have made an application to a person for employment purposes.

54.    Cal. Civ. Code § 1786.16(a)(1) of the ICRAA requires that consumers be provided a disclosure document which includes a summary of the provisions of Cal. Civ. Code § 1786.22. The summary must state that: (1) the consumer can view, during normal business hours, the file maintained on the

1   applicant by the consumer reporting agency; (2) the consumer can obtain a copy of the report by submitting

2   proper paperwork and paying the costs of duplication services via mail or appearing at the reporting agency's

3   location in person; (3) if the consumer appears in person, the consumer may be accompanied by another

4   individual who furnishes proper identification; and (4) the consumer may receive a summary of the report

5   over the telephone by representatives of the reporting agency.

6        55.    Defendants procure consumer reports on individuals applying to Defendants for employment.

7   As a matter of policy and practice, Defendants failed to provide Plaintiff and Class II members with

8   disclosure documents that complied with the ICRAA. At all relevant times, Defendants failed to include any

9   language summarizing the provisions of Cal. Civ. Code § 1786.22 in any documents furnished to Plaintiff

10   and Class II members in violation of Cal. Civ. Code § 1786.16(a)(1).

11        56.    Cal. Civ. Code § 1786.16(a)(2)(B) requires that person using the consumer report provide

12   the consumer with a "clear and conspicuous" disclosure of the consumer's rights under the statute "in a

13   document that consists solely of the disclosure."

14        57.    By including authorization to obtain a physical examination and conduct drug and alcohol

15   tests and other matters, Defendants violated Cal. Civ. Code § 1786.16(a)(2)(B) by not providing the

16   applicant with a "clear and conspicuous" disclosure "in a document that consists solely of the disclosure."

17        58.    At all relevant times, Defendants had a policy and practice of failing to provide a separate

18   document that consists solely of the disclosure as required by Cal. Civ. Code § 1786.16(a)(2)(B).

19        59.    Even if the disclosure did not violate the ICRAA, Defendants knowingly and intentionally

20   conducted investigative consumer reports for an improper purpose in violation of Cal. Civil Code §

21   1786.16(a)(2)(A), namely for employment purposes for an employee who does not meet any of the

22   requirements of Cal. Labor Code section 1024.5.

23        60.    Further, the Defendants have violated and continue to violate Cal. Civil Code §1786.20

24   (d)(1)(A), by not, conspicuously posting, as defined in subdivision (b) of Section 22577 of the Business and

25   Professions Code, on their primary Internet Web site information describing its privacy practices with

26   respect to its preparation and processing of investigative consumer reports.

27        61.    Defendants' conduct in violation of Cal. Civ. Code §§ 1786.16(a), 1786.16(b), and 1786.20

28   was and is willful. Defendants acted in deliberate or reckless disregard of Defendants' obligations and the

1 | rights of applicants, including Plaintiff and Class II members.

2 | 62. As a result of Defendants' conducting investigative consumer reports for an improper

3 | purpose, failing to provide adequate disclosure statements, and failing to have a privacy policy, Plaintiff and

4 | Class II members have sustained harm, including but not limited to, invasion of privacy and violation of

5 | statutory rights.

6 | 63. Plaintiff, on behalf of himself and all Class II members, seeks all available remedies pursuant

7 | to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages,

8 | injunctive and equitable relief, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT,**
**CIVIL CODE § 1786.18**
**(On behalf of the Plaintiff and the ICRAA Subclass II Members Against Defendant Intellicheck**
**and DOES 1 through 100)**

12 | 64. Plaintiff hereby incorporates by this reference each and every preceding paragraph of this

13 | Complaint as if fully set forth herein.

14 | 65. California Civil Code §1786.18 prohibits an investigative credit reporting agency from

15 | making or furnishing any investigative consumer report containing records of arrest, indictment, information,

16 | misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole,

17 | antedate the report by more than seven years. These items of information shall no longer be reported if at

18 | any time it is learned that, in the case of a conviction, a full pardon has been granted or, in the case of an

19 | arrest, indictment, information, or misdemeanor complaint, a conviction did not result.

20 | 66. Intellicheck violated California Civil Code §1786.18 on or about May 15, 2016 as to himself

21 | and on other dates currently unknown to Plaintiff as to the other members of the ICRAA Subclass II, by

22 | issuing investigative consumer reports about Plaintiff and the ICRAA Subclass II members containing

23 | records of arrest, indictment, information, misdemeanor complaint, or conviction of crimes that, from the

24 | date of disposition, release, or parole, antedated the report by more than seven years, including records from

25 | 2010 as to Plaintiff.

26 | 67. With respect to each of the aforementioned violations of the ICRAA provisions, Intellicheck

27 | are liable to Plaintiff and the ICRAA Subclass II members in the amount of the greater of the actual damages

28 | sustained as a result of the violations or $10,000 per violation pursuant to Civil Code § 1786.50 (a) (1).

Class Action Complaint                14

68.     Intellicheck's violations were willful or grossly negligent within the meaning of Civil Code § 1786.50 (b), in that Intellicheck knowingly failed to fulfill obligations without a good faith, reasonable belief in the legality of their actions.

69.     Plaintiff, on behalf of himself and all other ICRAA Subclass II members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs..

### FIFTH CAUSE OF ACTION
**FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq)**
**(On Behalf of the Plaintiff and Class III Members Against All Defendants)**

70.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

71.     California Business and Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any "unlawful" and "unfair" business acts and practices. Defendants' acts and practices described in this Complaint constitute "unlawful" and "unfair" business acts and practices within the meaning of Business and Professions Code § 17200 *et seq*.

72.     Defendants have engaged in "unlawful" business acts and practices by their violations of state and federal law by committing the acts as described above, including failing to provide Plaintiff and Class III members with a clear and conspicuous disclosure in a document consisting solely of the disclosure, a statement that the Plaintiff and class members may request additional disclosures concerning the nature and scope of the investigation for the consumer report, a summary of the rights of Plaintiff and Class III members, a statement that Plaintiff and Class III members may dispute the accuracy of the consumer report, and a copy of the consumer report following an adverse action or request for a copy as part of the application process. Plaintiff and the Class reserve the right to allege other violations of law which constitute unlawful acts or practices.

73.     The violations of these laws serve as "unlawful" business practices for purposes of Business and Professions Code § 17200 *et seq*. and remedies are provided therein under Business and Professions Code § 17203.

74.     Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct

offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and Class III members, and provides Defendants with an unfair competitive advantage over those employers and businesses that abide by the state and federal laws alleged to have been violated by Defendants herein.

75.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and Class III members.  Specifically, Defendants have been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff and Class III members.

76.     Pursuant to  Business & Professions Code § 17203, Plaintiff and Class III members seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and Class III members full restitution of all monies wrongfully acquired by Defendants through means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code § 1786.50, California Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiff and Class III members and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendants.

77.     Pursuant to Business & Professions Code § 17203, Plaintiff and Class III members seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct their illegal conduct that is necessary and proper to prevent Defendants from repeating their wrongful practices as alleged above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests of this Court the following relief:

1.     That the Court issue an Order certifying the classes and subclasses herein, appointing the named Plaintiff as a representative of all others similarly situated, and appointing Keegan & Baker LLP and the United Employees Law Group, P.C.,  as counsel for members of the Classes;

2.     For an Order requiring Defendants to identify each of the members of the classes and subclasses by name, home address, and home telephone number;

1      3.     For the creation of an administrative process wherein each injured member of the classes and

2   subclasses may submit a claim in order to receive his or her money;

3      4.     For statutory, general, compensatory, and punitive damages for the classes and subclasses

4   according to proof at trial;

5      5.     An award of appropriate equitable relief, including but not limited to preliminary, permanent,

6   and mandatory injunctive relief prohibiting the Defendants and their agents from committing further

7   unlawful conduct in violation of the FCRA, ICRAA, and UCL;

8      6.     Costs of suit, including attorneys fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C.

9   § 1681o, California Civil Code § 1786.50, California Code of Civil Procedure § 1021.5, and the common

10  fund doctrine;

11     7.     For interest at the legal rate of 10% per annum;

12     8.     Such further relief as the Court deems just and proper.

13  Dated: December 19, 2016                    KEEGAN & BAKER, LLP

14

15

16                                              Patrick N. Keegan, Esq.
                                                James M. Treglio, Esq.
17                                              Attorneys for Plaintiff JAMES CUNHA

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff and the Class hereby demand a jury trial on all claims for relief and claims with respect to

3   which they have a right to jury trial.

4   Dated: December 19, 2016                    KEEGAN & BAKER, LLP

5

6

7                                              Patrick N. Keegan, Esq.
                                               James M. Treglio, Esq.
8                                              Attorneys for Plaintiff JAMES CUNHA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick N. Keegan, Esq. (SBN 167698)<br>KEEGAN & BAKER, LLP<br>6156 Innovation Way<br>Carlsbad, CA 92009 | |

TELEPHONE NO.: (760) 929-9303    FAX NO.: (760) 929-9260
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT
STREET ADDRESS: 825 Fifth Street
MAILING ADDRESS: 421 "I" Street
CITY AND ZIP CODE: Eureka, CA 95501
BRANCH NAME:

CASE NAME:
James Cunha v. Intellicheck, LLC, et al.

**FILED** J R B

DEC 20 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | DR 160670<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Five
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2016

Patrick N. Keegan
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| Patrick N. Keegan, Esq. (SBN 167698)<br>KEEGAN & BAKER, LLP<br>6156 Innovation Way<br>Carlsbad, CA 92009 | |

TELEPHONE NO.: (760) 929-9303     FAX NO.: (760) 929-9260

ATTORNEY FOR *(Name):* Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** HUMBOLDT

STREET ADDRESS: 825 Fifth Street

MAILING ADDRESS: 421 "I" Street

CITY AND ZIP CODE: Eureka, CA 95501

BRANCH NAME:

**CASE NAME:**
James Cunha v. Intellicheck, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* Five
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2016

Patrick N. Keegan

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                        **CIVIL CASE COVER SHEET**

FAX FILE

```
FILED  J
                R
DEC 21 2016     B

SUPERIOR COURT OF CALIFORNIA
     COUNTY OF HUMBOLDT
```

1  Patrick N. Keegan, Esq. (SBN 167698)
   James M. Treglio, Esq. (SBN 228077)
2  **KEEGAN & BAKER, LLP**
   6156 Innovation Way
3  Carlsbad, CA 92009
   Tel:   (760) 929-9303
4  Fax:   (760) 929-9260

5  Walter Haines, Esq. (SBN 71075)
   **THE UNITED EMPLOYEES LAW GROUP**
6  5500 Bolsa Avenue, Ste 201
   Huntington Beach, CA 92649
7  Telephone: (310) 234-5678
   Facsimile: (562) 256-1006

8
   Attorneys for Plaintiff
9  JAMES CUNHA

10            **SUPERIOR COURT OF CALIFORNIA**

11          **BY AND FOR THE COUNTY OF HUMBOLDT**

12  JAMES CUNHA, an individual, on behalf of       Case No. DR160670
    himself and all others similarly situated,
13                                                  **NOTICE OF INCLUSION IN DELAY**
                                                    **REDUCTION PROGRAM**
14                Plaintiff,
                                                    **NOTICE OF CASE MANAGEMENT**
15        vs.                                       **CONFERENCE**

16  INTELLICHECK, LLC, a California Limited
    Liability Company; PROPACIFIC FRESH, INC., a
17  California Corporation; and DOES 1 through 100;

                  Defendants.
18

19       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       Please take notice that the above-entitled action has been included in the Delay Reduction Program

21  of the County of Humboldt.  You are required to comply with the guidelines for Program cases as set forth

22  in California Rules of Court, Title 3, Division 7, Chapters 1, 2, and 3, and Humboldt County Local Rules,

23  2.7 through 2.7.6.

24       You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been

25  scheduled for _____4/21_____, 20 17 , at _1_ : 30 AM/PM in Department # _4_

26  of the above entitled Court.  Initial CASE MANAGEMENT STATEMENT or Judicial Council form CM-

27  110 shall be filed with the Court and exchanged among the parties no later than 15 days before the Case

28

---

Notice of Inclusion in Delay Reduction Program            1            Case No. DR160670

1 | Management Conference.
      DEC 2 1 2016        KIM M. BARTLESON

2 | Dated:_____     CLERK, By _____ John B. _____ , Deputy

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick Keegan, 167698<br>Keegan & Baker, LLP<br>6156 Innovation Way<br>Carlsbad, CA 92009<br>TELEPHONE NO.: (760) 929-9303 Ext 100<br>ATTORNEY FOR (Name): Plaintiff | **FILED** ᴸ<br><br>JAN 2 3 2017 ᴾ<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF HUMBOLDT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Humboldt County
825-5th Street
Eureka, CA 95501-1153

PLAINTIFF/PETITIONER: James Cunha

DEFENDANT/RESPONDENT: Intellicheck, LLC, et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>DR160670 |
|---|---|
| | Ref. No. or File No.:<br>5153-ProPacific |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:  Summons, Civil Case Cover Sheet, Class Action Complaint for Damages and Injunctive Relief, Notice of Inclusion in Delay Reduction Program; Notice of Case Management Conference

3. a. Party served:  Pro Pacific Fresh, Inc., a California Corporation

   b. Person Served: Terry Richardson – Person Authorized to Accept Service of Process

4. Address where the party was served:  70 Pepsi Way
   Durham, CA 95938
5. I served the party
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/06/2017    (2) at (time): 3:20PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

Pro Pacific Fresh, Inc., a California Corporation
under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name:      Shawn J. Scott
   b. Address:    One Legal – 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone     415-491-0606
   d. The fee for service was: $ 130.85
   e. I am:
       (3)  registered California process server.
           (i)   Employee or independent contractor.
           (ii)  Registration No.: PI 25983
           (iii) County: State of California

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 01/20/2017

*Shawn J. Scott*

Shawn J. Scott
_____          _____
(NAME OF PERSON WHO SERVED PAPERS)                (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10768982

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Patrick Keegan, 167698
Keegan & Baker, LLP
6156 Innovation Way
Carlsbad, CA 92009
TELEPHONE NO.: (760) 929-9303 Ext 100
ATTORNEY FOR *(Name):* Plaintiff

**FILED**

'B  JAN 1 7 2017

L.~ ~OR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Humboldt County
825-5th Street
Eureka, CA 95501-1153

PLAINTIFF/PETITIONER: James Cunha

DEFENDANT/RESPONDENT: Intellicheck, LLC, et al.

CASE NUMBER:

DR160670

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

5153-ProPacific

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**

2. I served copies of: Summons, Civil Case Cover Sheet, Class Action Complaint for Damages and Injunctive Relief, Notice of Inclusion in Delay Reduction Program; Notice of Case Management Conference

3. a. Party served: Intellicheck, LLC, a California Limited Liability Company

   b. Person Served: BETTY "DOE" (CAUC, F, 65, 5-8,185, BROWN HAIR) - Co-Occupant

4. Address where the party was served: 635 Vista Way
   Chula Vista, CA 91910

5. I served the party
   b. **by substituted service.** On (date): 01/06/2017       at (time): 3:30PM    I left the documents listed in item 2 with or
   in the presence of:   BETTY "DOE" (CAUC, F, 65, 5-8,185, BROWN HAIR) - Co-Occupant
      (2) (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
      abode of the party. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   Intellicheck, LLC, a California Limited Liability Company

   under:      Other: Limited Liability Company

7. Person who served papers
   a. Name:                                   Ismael A Centeno
   b. Address:          One Legal - 194-Marin
                        504 Redwood Blvd #223
                        Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $  79.90
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No. 1907
         (iii) County San Diego

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/13/2017

Ismael A Centeno                                                      *Ismael Centeno*
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 10768983

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Patrick Keegan, 167698 <br> Keegan & Baker, LLP <br><br> 6156 Innovation Way <br> Carlsbad, CA 92009 <br> ATTORNEY FOR *(Name):* Plaintiff | (760) 929-9303 Ext 100 <br><br> Ref. No. or File No. <br> 5153-ProPacific | |

Insert name of court, judicial district or branch court, if any:

Eureka
825-5th Street
Eureka, CA 95501-1153

PLAINTIFF:

James Cunha

DEFENDANT:

Intellicheck, LLC, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: <br> DR160670 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd., Suite 223 Novato, CA 94947.

On 01/13/2017, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Civil Case Cover Sheet, Class Action Complaint for Damages and Injunctive Relief, Notice of Inclusion in Delay Reduction Program; Notice of Case Management Conference

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles , California, addressed as follows:

Intellicheck, LLC, a California Limited Liability Company

Robert Bacsik

635 Vista Way

Chula Vista, CA 91910

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 79.90

One Legal - 194-Marin

504 Redwood Blvd #223

Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 01/13/2017 at Los Angeles, California.

Janzi Williams

OL# 10768983