1  SEYFARTH SHAW LLP
Selyn Hong (SBN 303398)
2  shong@seyfarth.com
560 Mission Street, 31st Floor
3  San Francisco, California 94105
Telephone:   (415) 397-2823
4  Facsimile:   (415) 397-8549

5  SEYFARTH SHAW LLP
Pamela Q. Devata (Pro Hac Vice)
6  John W. Drury (Pro Hac Vice)
E-mail:  pdevata@seyfarth.com
7  E-mail:  jdrury@seyfarth.com
233 S. Wacker Drive, Suite 8000
8  Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
9  Facsimile:   (312) 460-7000

10  Attorneys for Defendant
INTELLICHECK, LLC

11

12                          UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14

15

16  JAMES CUNHA, an individual, on behalf of himself     Case No. 3:17-cv-00597-JST
and all others similarly situated,
17                                                       **DEFENDANT INTELLICHECK, LLC'S
                      Plaintiff,                         NOTICE OF MOTION AND MOTION
18                                                       TO DISMISS THE AMENDED
        v.                                               COMPLAINT AS TO CLAIMS
19                                                       ASSERTED AGAINST
INTELLICHECK, LLC, a California Limited                  INTELLICHECK; MEMORANDUM
20  Liability Company; CHICO PRODUCE, INC., d/b/a        OF POINTS AND AUTHORITIES IN
PROPACIFIC FRESH, INC., a California                     SUPPORT THEREOF**
21  Corporation; and DOES 1 through 100,
                                                         *[Filed Concurrently With Declaration of
22                    Defendants.                        Selyn Hong; Request for Judicial Notice;
                                                         and [Proposed] Order]*
23
                                                         Date:   May 25, 2017
24                                                       Time:   2:00 p.m.
                                                         Dept.:  Courtroom 9 - 19th Floor
25                                                       Judge:  Hon. Jon S. Tigar

26                                                       Complaint Filed:  December 20, 2016
                                                         FAC Filed:  March 3, 2017
27                                                       Trial Date:  None Set

28

---

DEFENDANT INTELLICHECK, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED
COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFF JAMES CUNHA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 25, 2017 at 2:00 p.m., or as soon thereafter as the matter can be heard in the above-entitled Court, located in Courtroom 9- 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant INTELLICHECK, LLC ("IntelliCheck") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss with prejudice Plaintiff's First Amended Class Action Complaint [Dkt. No. 21] as to all claims asserted against IntelliCheck.

This Motion is made on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted as to Plaintiff's First, Fifth, and Seventh Claims for Relief and that Plaintiff lacks standing to bring his Seventh Claim for Relief. Specifically, Plaintiff's First Claim for Relief should be dismissed because it is based on a fundamental misreading of Section 1681c of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(c). Plaintiff's Fifth Claim for Relief should also be dismissed because the claim is based on the Investigative Consumer Reporting Agencies Act ("ICRAA"), which—as other courts have recognized—is unconstitutionally vague, and because the ICRAA bars claims brought under both the FCRA and the ICRAA where such claims stem from the same alleged act or omission. Finally, Plaintiff's Seventh Claim for Relief under California's Unfair Competition Law ("UCL") should be dismissed because Plaintiff lacks standing, fails to allege sufficient facts to sustain such a claim against IntelliCheck and, in any event, the claim is preempted by the FCRA.

IntelliCheck's Motion is based on this notice, the accompanying memorandum of points and authorities, Plaintiff's First Amended Complaint, all pleadings and documents on file, any other such matters upon which the Court may take judicial notice, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

DEFENDANT INTELLICHECK, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

1    DATED: April 14, 2017                            SEYFARTH SHAW LLP

2

3                                                     By:    /s/ Selyn Hong

4                                                          Pamela Q. Devata
                                                          John W. Drury
5                                                          Selyn Hong
                                                     Attorneys for Defendant
6                                                    INTELLICHECK, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT INTELLICHECK, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED
COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................................... 1

II.    RELEVANT FACTUAL ALLEGATIONS ........................................................................... 2

III.   LEGAL STANDARD OF REVIEW ..................................................................................... 3

IV.    ARGUMENT ........................................................................................................................ 3

    A.    Plaintiff's FCRA Section 1681c Claim Must Be Dismissed Because It Is Based
          On A Fundamental Misunderstanding Of The Law And Plain Statutory Text. ................ 3

    B.    Plaintiff's Sections 1786.18 and 1786.20 Claim Under the ICRAA Must Be
          Dismissed Because The ICRAA Is Unconstitutionally Vague. .......................................... 5

    C.    Plaintiff's Section 1786.18 Claim Under the ICRAA Must Be Dismissed Because
          The ICRAA Bars Claims Brought Under Both The FCRA And The ICRAA
          Where Such Claims Stem From The Same Alleged Act Or Omission ............................... 8

    D.    Plaintiff's UCL Claim Fails As A Matter of Law ........................................................... 10

          1.    Plaintiff's UCL Claim Must Be Dismissed Because Plaintiff Lacks
                Standing To Allege This Claim. ............................................................................ 10

          2.    Plaintiff's First Amended Complaint Makes No Allegations To Support
                His UCL Claim Against IntelliCheck. .................................................................. 12

          3.    Plaintiff's UCL Request For Injunctive Relief Also Fails As A Matter Of
                Law Because The FCRA Preempts Inconsistent Remedies Under State
                Law. ........................................................................................................................ 12

    E.    Plaintiff's First, Fifth, And Seventh Claims For Relief Should Be Dismissed With
          Prejudice Because Leave To Amend Would Be Futile ..................................................... 13

V.     CONCLUSION ................................................................................................................... 14

38041216v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................................................3

*Bell v. ReconTrust Co., N.A.,*
    587 Fed. Appx. 402 (9th Cir. 2014)....................................................................................10

*Birdsong v. Apple, Inc.,*
    590 F.3d 955 (9th Cir. 2009) ..............................................................................................10

*Carvalho v. Equifax Info. Servs., LLC,*
    629 F.3d 876 (9th Cir. 2010) .................................................................................................8

*Castagnola v. Hewlett-Packard Co.,*
    No. C 11-05772 JSW, 2012 U.S. Dist. LEXIS 82026 (N.D. Cal. June 13, 2012)..............11

*Coleman v. Kohl's Dep't Stores, Inc.,*
    No. 15-cv-02588-JCS, 2015 U.S. Dist. LEXIS 135746 (N.D. Cal. Oct. 5, 2015)...............9

*Conservation Force v. Salazar,*
    646 F.3d 1240 (9th Cir. 2011) ..............................................................................................3

*Credit Suisse First Boston Corp. v. Grunwald,*
    400 F.3d 1119 (9th Cir. 2005) ..............................................................................................7

*Deveraturda v. Globe Aviation Sec. Servs.,*
    454 F.3d 1043 (9th Cir. 2006) ............................................................................................13

*Dicesari v. Asset Acceptance LLC,*
    No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168 (E.D. Pa. Sept. 18, 2012) .....................13

*Guillen v. Bank of Am. Corp.,*
    No. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860 (N.D. Cal. Aug. 31,
    2011) .....................................................................................................................................9

*Hamilton v. DirecTV, Inc.,*
    642 F. Supp. 2d 1304 (M.D. Ala. 2009) .............................................................................13

*Hodgers-Durgin v. De La Vina,*
    199 F.3d 1037 (9th Cir. 1999) ............................................................................................11

ii

*Johnson v. Frankell*,
    520 U.S. 911 (1997)..................................................................................................8

*M.M. v. Lafayette Sch. Dist.*,
    681 F.3d 1082 (9th Cir. 2012) ..............................................................................10

*Manzarek v. St. Paul Fire & Mar. Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) .................................................................................3

*Marchioli v. Pre-Employ.com, Inc.*,
    No. 5:16-cv-02305 (C.D. Cal. Jan. 25, 2017) ..........................................................4

*Millett v. Ford Motor Credit Co.*,
    No. 04-cv-2450-CM, 2006 U.S. Dist. LEXIS 31095 (D. Kan. May 9, 2006) ....................13

*Moran v. Screening Pros, LLC*,
    No. 2:12-cv-05808, 2012 U.S. Dist. LEXIS 158598 (C.D. Cal. Sept. 28, 2012) *on
    reconsideration in part*, 2012 U.S. Dist. LEXIS 189350 (C.D. Cal. Nov. 20, 2012)................5, 6, 13

*Pacific Rivers Council v. United States Forest Serv.*,
    668 F.3d 609 (9th Cir. 2012) .................................................................................10

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ...................................................................................2

*Poulson v. Trans Union, LLC*,
    370 F. Supp. 2d 592 (E.D. Tex. 2005) ...................................................................13

*Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*,
    No. 11-cv-6648 SBA, 2012 U.S. Dist. LEXIS 108597 (N.D. Cal. Aug. 2, 2012) .............13

*Ramirez v. Trans Union, LLC*,
    899 F. Supp. 2d 941 (N.D. Cal. 2012) .....................................................................9

*Rennick v. O.P.T.I.O.N. Care, Inc.*,
    77 F.3d 309 (9th Cir. 1996) .....................................................................................7

*Roe v. LexisNexis Risk Solutions Inc.*,
    No. 2:12-cv-06284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal. Mar. 19,
    2013) ..................................................................................................................5, 6, 7

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47, 69 (2007)............................................................................................5

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)..............................................................................................10

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................................................2

iii

*Taylor v. Quall*,
  458 F.Supp.2d 1065 (C.D. Cal. 2006) .................................................................7

*Washington v. CSC Credit Servs., Inc.*,
  199 F.3d 263 (5th Cir. 2000) ..............................................................................13

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ................................................................................3

**State Cases**

*Cisneros v. U.D. Registry, Inc.*,
  39 Cal. App. 4th 548, 46 Cal. Rptr. 2d 233 (1995)..............................................9

*Connor v. First Student, Inc., et al.*,
  239 Cal. App. 4th 526 (Cal. Ct. App. Aug. 12, 2015) ......................................7, 8

*Cortez v. Purolator Air Filtration Prods. Co.*,
  23 Cal.4th 163 (2000) ........................................................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ......................................................................................10

*Kwikset Corp. v. Sup. Ct.*,
  51 Cal.4th 310 (2011) .............................................................................10, 11, 12

*Ortiz v. Lyon Mgmt. Grp., Inc.*,
  157 Cal. App. 4th 604 (2007) ...............................................................................6

*Trujillo v. First Am. Registry, Inc.*,
  157 Cal. App. 4th 628 (4th Dist. 2007)..................................................................6

**Federal Statutes**

15 U.S.C. § 1681c(a)(2) ..............................................................................1, 2, 3, 4

15 U.S.C. § 1681c(a)(5) ...........................................................................1, 2, 3, 4, 5

15 U.S.C. § 1681s(a) ........................................................................................13

15 U.S.C. §  1681b(b)(2) .................................................................................4

15 U.S.C. §  1681n ............................................................................................8

15 U.S.C. §  1681o ............................................................................................8

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ..........................................................................10

DEFENDANT INTELLICHECK, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED
COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

Cal. Bus. & Prof. Code § 17204 .................................................................................11

Cal. Civ. Code § 1785, *et seq*..................................................................... *passim*

Cal. Civ. Code § 1786.18.............................................................1, 2, 5, 8, 9, 13

Cal. Civ. Code § 1786.20.........................................................................5, 13

Cal. Civ. Code § 1786.50...............................................................................8

Cal. Civ. Code § 1786.52...............................................................................8

California's Unfair Competition Law ("UCL")............................................ *passim*

**Rules**

California Rule of Court No. 8.1115 ...............................................................7

California Rule of Court No. 977 ....................................................................7

Fed. R. Civ. P. 12(b)(6)...................................................................................3

DEFENDANT INTELLICHECK, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED
COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

In this putative class action, Plaintiff James Cunha asserts three claims against IntelliCheck, a

4

consumer reporting agency ("CRA") who prepared a background report on Plaintiff for Plaintiff's

5

former employer and co-defendant, Chico Produce, Inc. ("Chico").  The background report lawfully

6

reported numerous felony and misdemeanor convictions belonging to Plaintiff for a variety of offenses,

7

most of which occurred as recently as 2015.  Plaintiff now contends that certain records on his report

8

should not have been reported under Section 1681c of the Fair Credit Reporting Act ("FCRA") and

9

Section 1786.18 of the Investigative Consumer Reporting Agencies Act ("ICRAA").  Based on those

10

same allegations, Plaintiff also asserts a claim against IntelliCheck under California's Unfair

11

Competition Law ("UCL").  Plaintiff's claims against IntelliCheck each fail as a matter of law and

12

should be dismissed.

13

First, Plaintiff's FCRA Section 1681c claim should be dismissed because it is based on a

14

fundamental misreading of the law.  Plaintiff contends that the FCRA prohibits reporting information

15

regarding arrests that did not result in a conviction and also prohibits reporting misdemeanor convictions

16

that outdate the report by more than seven years.  Plaintiff is wrong on both counts.  The FCRA

17

expressly allows CRAs to: (1) report non-conviction records so long as they do not "antedate the report

18

by more than seven years;" and (2) report "records of convictions of crime" even if they do antedate the

19

report by more than seven years. 15 U.S.C. § 1681c(a)(2), (5).  Moreover, there is no special restriction

20

on reporting misdemeanor convictions.  But even if there were, Plaintiff's report itself shows that

21

IntelliCheck did not report any misdemeanor convictions or arrests antedating the report by more than

22

seven years.  Thus, the First Claim for Relief in the Amended Complaint must be dismissed in its

23

entirety.

24

Second, Plaintiff's ICRAA claims should also be dismissed.  As other courts have recognized,

25

the ICRAA is unconstitutionally vague and thus dismissal is warranted.  Moreover, the ICRAA bars

26

claims brought under both the FCRA and the ICRAA where such claims stem from the same alleged act

27

28

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

or omission, which is the case here.  Thus, the Fifth Claim for Relief in the Amended Complaint should also be dismissed.

Finally, Plaintiff's claim for injunctive relief under the UCL should be dismissed for several reasons.  At the outset, Plaintiff lacks standing to bring this claim.  In addition, Plaintiff fails to allege sufficient facts to sustain a UCL claim against IntelliCheck.  Further, the FCRA preempts Plaintiff's UCL claim.  Thus, the Seventh Claim for Relief in the Amended Complaint should be dismissed against IntelliCheck.

## II.     RELEVANT FACTUAL ALLEGATIONS[1]

As alleged, Plaintiff was hired by Chico as a produce delivery driver on April 29 or 30, 2016. (FAC, ¶¶ 5, 8.)  As part of the hiring process, Chico requested a background report on Plaintiff from IntelliCheck, who delivered the report to Chico on or around May 13, 2016.  (FAC, ¶ 15; *see also* Declaration of Selyn Hong in Support of Motion to Dismiss, ¶ 2, Ex. A.)[2]  Plaintiff alleges that his background report contained information on misdemeanor convictions more than seven years prior to the date of the report and also included information on arrests that did not result in conviction, which Plaintiff alleges violates FCRA Sections 1681c(a)(2) and 1681c(a)(5), ICRAA Section 1786.18 (FAC, ¶¶ 15, 46-55, 90-96) and California's UCL.  (*Id.* ¶¶ 109-110.)  According to the FAC, Chico terminated Plaintiff's employment on May 20, 2016 "based solely on information contained in the consumer report on Cunha."  *Id.*

Plaintiff's background report shows that Plaintiff was convicted of well in excess of a dozen separate felonies and misdemeanors since 2010.  (Hong Decl., ¶ 2, Ex. A at pp. 6-13.)  In particular, Plaintiff's report shows a number of felony convictions from 2010 for crimes ranging from Forgery by Altering a Check; Buying, Receiving, Selling Stolen Property; Forgery by Passing a Check with the

---

[1]/     The "facts" contained herein are based on Plaintiff's Amended Complaint, the allegations of which are assumed to be true solely for purposes of this Motion.

[2]/     A court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).  Here, Plaintiff's claims against IntelliCheck are based on the content of his May 13, 2016 background report and he cannot question its authenticity.  As such, the Court may properly consider the background report in deciding this motion.

38041216v.3

1   Intent to Defraud; and Making or Passing a Worthless Check. (*Id.* at pp. 5-9.) In addition, Plaintiff's

2   report also disclosed two similar forgery charges that were dismissed in 2010. (*Id.* at p. 7.) In addition

3   to his 2010 convictions, Plaintiff's report also showed numerous felony and misdemeanor convictions

4   from 2015 for similar crimes involving forgery, theft, larceny, making or passing worthless checks, and

5   illegally obtaining another individual's personal identifying information. (*Id.* at pp. 9-14.) Plaintiff's

6   report also disclosed a 2006 felony conviction record for yet another forgery offense. (*Id.* at pp. 4-5.)

7   That 2006 felony conviction was the only pre-2010 record on Plaintiff's report.

8   ## III.    LEGAL STANDARD OF REVIEW

9           A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) on two grounds:

10  (1) lack of a cognizable legal theory or (2) the absence of sufficient facts to support a claim.

11  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In deciding a Rule 12(b)(6)

12  motion to dismiss, a court accepts well-pleaded allegations as true. *Manzarek v. St. Paul Fire & Mar.*

13  *Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). A court does not accept as true conclusory allegations

14  contradicted by documents referenced in the complaint. *Id.* at 1031. Nor does it accept as true

15  unreasonable inferences or unwarranted deductions of fact. *See Western Mining Council v. Watt,* 643

16  F.2d 618, 624 (9th Cir. 1981). Rather, to survive dismissal, a claim must be supported by sufficient

17  facts that, if taken as true, make it "plausible" that the plaintiff is entitled to relief. *Bell Atl. Corp. v.*

18  *Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "more than a sheer possibility" that a

19  defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To achieve facial plausibility,

20  a plaintiff must plead sufficient facts to allow the court to draw the reasonable inference that the

21  defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the

22  elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

23  at 678 (citation omitted).

24  ## IV.    ARGUMENT

25  ### A.    Plaintiff's FCRA Section 1681c Claim Must Be Dismissed Because It Is Based On A Fundamental Misunderstanding Of The Law And Plain Statutory Text.

26          Plaintiff's First Claim for Relief purports to allege class claims under Sections 1681c(a)(2) and

27  1681c(a)(5) of the FCRA. (FAC ¶¶ 46-55.) Plaintiff contends that Section 1681c prohibits reporting

28

3

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

"information regarding arrests that did not result in conviction" and also prohibits reporting

"misdemeanor convictions that antedate the consumer report by more than seven years."  (*Id.* ¶ 51.)[3]

These positions run counter to the clear and unambiguous statutory text of Section 1681c.

Under Section 1681c(a) of the FCRA, "[e]xcept as authorized under subsection (b), no consumer

reporting agency may make any consumer report containing any of the following items of information":

- "Civil suits, civil judgments, and records of arrest that, from date of entry, *antedate the report by more than seven years* or until the governing statute of limitations has expired, whichever is the longer period."  15 U.S.C. § 1681c(a)(2) (emphasis added).

- "Any other adverse item of information, *other than records of convictions of crimes* which antedates the report by more than seven years."  15 U.S.C. § 1681c(a)(5) (emphasis added).

Thus, the plain language of Section 1681c(a) makes clear that the reporting of non-conviction records

within seven years of the report and the reporting of conviction records older than seven years are *not*

prohibited.

Plaintiff's background report did not include any non-conviction records that antedated the report

by more than seven years.  Indeed, the only non-conviction records on his report were from November

19, 2010.  (*See* Hong Decl., ¶ 2, Ex. A, p. 7.)  Plaintiff's report was completed on May 13, 2016 (FAC ¶

15) — *i.e.* within seven years of the reported non-conviction records. Although Plaintiff erroneously

believes that non-conviction records cannot be reported under the FCRA (*see* FAC ¶¶ 15, 51), that

simply is not the law.  Thus, Plaintiff's allegations that his report contained non-conviction records, *even

if true*, fail to state a claim for a violation of Section 1681c(a)(2).

---

[3] Confusingly, the First Claim for Relief also makes multiple references to Section 1681b(b)(2) of the
FCRA, an entirely different section of the FCRA that applies only to end-users, such as employers like
Chico Produce, and which does *not* apply to CRAs such as IntelliCheck.  *See Marchioli v. Pre-
Employ.com, Inc.*, No. 5:16-cv-02305-JGB-DTB (C.D. Cal. Jan. 25, 2017) (ECF No. 58) (Request for
Judicial Notice in Support of Defendant IntelliCheck, LLC's Motion to Dismiss ¶ 1, Exhibit 1)
(dismissing with prejudice Section 1681b(b)(2) claim against CRA because that "statute precludes
liability for CRAs").  In particular, Plaintiff alleges that IntelliCheck violated the FCRA  by "causing
consumer reports to be procured containing [ ] private information without complying with the FCRA's
disclosure requirements."  (FAC ¶ 51.)  To the extent Plaintiff seeks to assert a separate Section
1681b(b)(2) claim against IntelliCheck or imply that Chico Produce's disclosure obligations had
anything to do with IntelliCheck's Section 1681c reporting obligations, Plaintiff is wrong.

Moreover, Plaintiff also is wrong when he contends that the FCRA bars the reporting of misdemeanor convictions older than seven years.  The clear statutory text exempts *any* "records of convictions of crime" from the FCRA's seven-year reporting limitations.  15 U.S.C. § 1681c(a)(5).  In any event, even if such a misdemeanor exception existed (and it does not), IntelliCheck did not report any misdemeanor convictions that antedate Plaintiff's report by more than seven years.  Hong Decl., ¶ 2, Ex. A.  The only pre-2010 record of any kind on Plaintiff's report is a 2006 *felony* conviction -- and not a misdemeanor conviction.  *Id.* at pp. 4-5.  Thus, Plaintiff has not and cannot state a viable claim against IntelliCheck for any violation of Section 1681c(a)(5).[4]

Accordingly, because Plaintiff's Section 1681c claims are premised on a fundamental misreading of the law and also contradicted by Plaintiff's report, the First Claim for Relief must be dismissed with prejudice.

**B.    Plaintiff's Sections 1786.18 and 1786.20 Claim Under the ICRAA Must Be Dismissed Because The ICRAA Is Unconstitutionally Vague.**

Plaintiff's Fifth Claim for Relief—alleging violations of Sections 1786.18 and 1786.20 of the ICRAA—hinges entirely on the mistaken premise that Plaintiff's report is governed by the ICRAA and not the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*  Multiple courts, including this one, have held that the ICRAA is unconstitutionally vague as applied to consumer reports containing information, such as criminal history, bearing also on creditworthiness.  *See, e.g., Roe v. LexisNexis Risk Solutions Inc.*, No. 2:12-cv-06284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal. Mar. 19, 2013) (the ICRAA was unconstitutionally vague as applied to a criminal background check report as the criminal information in the report clearly subjected it to the CCRAA as well as the ICRAA, and there was no rational basis to decide that the report should be governed by one versus the other); *Moran v. Screening Pros, LLC*, No. 2:12-cv-05808, 2012 U.S. Dist. LEXIS 158598, at ** 15-16 (C.D. Cal. Sept. 28, 2012) *on reconsideration in part*, 2012 U.S. Dist. LEXIS 189350 (C.D. Cal. Nov.

---

[4] For the same reasons, Plaintiff cannot demonstrate that IntelliCheck "willfully" violated Section 1681c of the FCRA.  As a matter of law, Plaintiff must show that IntelliCheck's conduct was "objectively unreasonable," the demanding standard for willfulness established in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).  Plaintiff cannot satisfy *Safeco* because -- far from being objectively unreasonable -- the clear statutory text conclusively demonstrates that IntelliCheck complied with Section 1681c.

5

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

20, 2012) (the ICRAA was unconstitutionally vague because persons of reasonable intelligence could not discern whether criminal information is character information governed by the ICRAA or creditworthiness information governed by CCRAA); *see also Ortiz v. Lyon Mgmt. Grp., Inc.*, 157 Cal. App. 4th 604, 611-19 (2007) (the ICRAA was unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information because reasonable persons could not readily determine whether such information constitutes "character" information governed by the ICRAA or "creditworthiness" information governed by the CCRAA); *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 640 (4th Dist. 2007) (credit reporting agency entitled to summary adjudication on consumer claims arising from incomplete tenant screening reports because statutory vagueness resulted in uncertainty as to whether the information in the reports was character information or creditworthiness information).

California enacted two distinct statutes governing consumer reports: (1) the ICRAA, which governs reports containing information on a consumer's character, general reputation, personal characteristics, or mode of living; and (2) the CCRAA, which governs reports containing information on a consumer's creditworthiness, credit standing, or credit capacity. *Roe*, 2013 U.S. Dist. LEXIS 88936, at **9-10 (citations omitted). The ICRAA and CCRAA "impose different obligations" on persons furnishing or using consumer reports depending on whether the reports contain creditworthiness or character information. *Ortiz*, 157 Cal. App. 4th at 614. The statutes conflict because they "present[] a false dichotomy between creditworthiness and character." *Id.* at 613.

The line between creditworthiness and character information "is not readily apparent." *Ortiz*, 157 Cal. App. 4th at 615. Criminal information, for example, speaks both to character and creditworthiness. *Roe*, 2013 U.S. Dist. LEXIS 88936, at **16-17 (criminal background information fits both into the category of character evidence under the ICRAA and in the category of creditworthiness under the CCRAA) (citations omitted); *Moran*, 2012 U.S. Dist. LEXIS 158598, at * 21 ("[C]ommon sense dictates that a consumer's criminal record can provide insight into their creditworthiness and credit capacity."). Thus, a CRA furnishing a report containing criminal background information would be subject to inconsistent obligations under the two statutes. *See Ortiz*, 157 Cal. App. 4th at 614. The

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

CRA would be left to "guess" as to which statute applied. *Id.* at 619. For this reason, courts have held that the ICRAA is unconstitutionally vague as applied to consumer reports containing criminal background checks. *Roe*, 2013 U.S. Dist. LEXIS 88936, at *18.

Because the report IntelliCheck prepared on Plaintiff contained information related to Plaintiff's criminal background history (FAC ¶ 15; Hong Decl. ¶ 2, Ex. A), the ICRAA is unconstitutionally vague as applied to his report. This Court has held that such information "bears both on character and on creditworthiness." *Roe*, 2013 U.S. Dist. LEXIS 88936, at *17. IntelliCheck can only guess as to whether the ICRAA or the CCRAA applies. IntelliCheck accordingly did not have sufficient notice that the ICRAA covered Plaintiff's report (particularly in light of recent case law), and Plaintiff's claims under the ICRAA should be dismissed on this basis alone.

In opposition, IntelliCheck anticipates that Plaintiff may attempt to rely on *Connor v. First Student, Inc., et al.*, 239 Cal. App. 4th 526 (Cal. Ct. App. Aug. 12, 2015). In *Connor*, the California Court of Appeals reversed summary judgment against the plaintiff's ICRAA claims, finding that it was not unconstitutionally vague as applied to that specific case. Any attempt to rely on *Connor* should be rejected for multiple reasons.

First, *Connor* is an unpublished California Court of Appeal opinion, and therefore, cannot be relied on under prevailing law. The California Rules of Court Nos. 8.1115 and 977 prohibit a court or party "in any other action" from citing to or relying on an unpublished California Appeal Court opinion. Both the Ninth Circuit and California district courts apply these rules. *See, e.g., Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126, n. 8 (9th Cir. 2005); *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 317 (9th Cir. 1996); *see also Taylor v. Quall*, 458 F.Supp.2d 1065, 1068 (C.D. Cal. 2006). Under *Grunwald* and *Rennick*, a superseded California Appeal Court opinion is considered unpublished, and an unpublished opinion cannot be cited to or relied on by the parties or this Court.

The California Supreme Court granted review of *Connor* on November 24, 2015, thereby superseding and de-publishing it. *See Connor*, 239 Cal. App. 4th 526, *review granted*. Because *Connor* is an unpublished opinion, Plaintiff simply cannot rely on it nor cite to it. And Plaintiff is left with *no* legal authority to support the ICRAA's constitutionality. Plaintiff is also left with *no* legal authority to

7

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

refute the numerous California state and federal cases cited by IntelliCheck holding that the ICRAA is unconstitutionally vague.[5]  *See supra*, at 5-7.  Plaintiff's ICRAA claims must therefore be dismissed.

Second, even if Plaintiff and this Court could cite *Connor* (which it cannot) federal courts are not bound by California Appeal Court opinions.  *See Johnson v. Frankell*, 520 U.S. 911, 916 (1997) (federal courts must follow the state's *highest* court on questions of state law) (emphasis added); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (federal courts are bound by pronouncements of the California Supreme Court on applicable state law, but California Court of Appeal decisions need not be followed when there is convincing evidence that the California Supreme Court would hold otherwise).

There is ample evidence that the California Supreme Court will hold that *Connor* was wrongly decided.  The overwhelming weight of authority in both state and federal courts favors a finding that the ICRAA is unconstitutionally vague as applied to Plaintiff's background report here.  *See supra*, at 8-9.  Moreover, the court's analysis in *Connor* is not persuasive.  Contrary to the *Connor* court's conclusions, the language and history of the CCRAA and the ICRAA indicate that a consumer report should not be subject to both statutes**.**  Therefore, the Court should dismiss Plaintiff's ICRAA claims with prejudice.

### C.    Plaintiff's Section 1786.18 Claim Under the ICRAA Must Be Dismissed Because The ICRAA Bars Claims Brought Under Both The FCRA And The ICRAA Where Such Claims Stem From The Same Alleged Act Or Omission.

The ICRAA forbids a plaintiff from alleging Section 1786.50 ICRAA claims when he already alleges claims under Sections 1681n and 1681o of the FCRA for the same alleged act or omission. *See* Cal. Civ. Code § 1786.52(a) ("Any investigative consumer reporting agency . . . against whom an action brought pursuant to Section 1681n or 1681o of [the FCRA] is pending shall not be subject to suit for the same act or omission under Section 1786.50.").  Plaintiff's FAC tries to do just that here.  Because the FAC violates this clear directive, Plaintiff's Section 1786.18 ICRAA claim must be dismissed for this reason as well.

---

[5]      Any assertion that these cases are distinguishable because some of them deal with tenant screening is a red herring.  IntelliCheck cites these cases for the proposition that they address criminal history information in a consumer report—the same as the instant case—and the analysis determining that the ICRAA is unconstitutionally vague is identical.

8

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

The allegations in the FAC fall squarely within the conduct forbidden by Section 1786.52 of the ICRAA. Plaintiff's Section 1681c FCRA claims are brought pursuant to Sections 1681n of the FCRA (*see* FAC ¶¶ 53-55), while his Section 1786.18 ICRAA claim is brought under Section 1786.50 (*see* FAC ¶¶ 94-96). Moreover, Plaintiff's Section 1786.18 ICRAA claim relies on the same exact alleged acts or omissions as his Section 1681c FCRA claims. (*See* FAC ¶ 15.) Specifically, those claims all stem from IntelliCheck's issuance of background reports on Plaintiff and the California Antedated Subclass containing records of arrest, civil suits, civil judgments, or criminal convictions that antedate the report by more than seven years. FAC ¶¶ 48, 92. The purported acts or omissions that form the bases of Plaintiff's Section 1681c FCRA claims are *exactly the same* as those used to allege Plaintiff's Section 1786.18 ICRAA claim. (*See* FAC ¶ 15.) Thus, Plaintiff's Section 1786.18 ICRAA claim should be dismissed with prejudice because it is duplicative of his FCRA claims.

The Northern District of California's decision in *Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-cv-02588-JCS, 2015 U.S. Dist. LEXIS 135746 (N.D. Cal. Oct. 5, 2015) supports this result. *Coleman* was a putative class action where the named plaintiffs alleged, *inter alia*, several violations of the FCRA and one violation of the ICRAA. The court dismissed all such claims. In granting leave to amend the ICRAA claim, the court cited Section 1786.52 of the ICRAA in holding that it would not allow the plaintiffs to allege both FCRA and ICRAA claims stemming from the same act or omission. *See Coleman*, 2015 U.S. Dist. LEXIS 135746 , at *22, fn. 7 ("To the extent [p]laintiffs submit a second amended complaint that alleges both FCRA and ICRAA claims stemming from the same act or omission, § 1786.52 bars those ICRAA claims."). In doing so, the court was "mindful of a contrary holding with respect to an analogous election of remedies provision in the CCRAA." *Id.* (citing *Ramirez v. Trans Union, LLC*, 899 F. Supp. 2d 941, 944-45 (N.D. Cal. 2012); *Guillen v. Bank of Am. Corp.*, No. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860, at *13-14 (N.D. Cal. Aug. 31, 2011) (same)). But the Court explicitly declined to follow *Ramirez* and *Guillen* (and by implication, *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 46 Cal. Rptr. 2d 233 (1995), which was discussed in *Ramirez*) because those cases "dealt with a different statutory provision than [Section 1786.52 of the ICRAA]." *Coleman*, 2015 U.S. Dist. LEXIS 135746, at *23, fn. 7. Here, too, the Court is not bound to the

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

holdings in *Ramirez, Guillen,* and *Cisneros,* as those cases all deal with the CCRAA, and not the ICRAA.  Moreover, the plain language of the ICRAA, and the district court's sound reasoning in *Coleman,* confirm that Plaintiff's ICRAA claims must be dismissed with prejudice.

Finally, Ninth Circuit precedent against duplicative claims further supports dismissal.  *See, e.g., M.M. v. Lafayette Sch. Dist.,* 681 F.3d 1082, 1091 (9th Cir. 2012) (in affirming district court's dismissal of duplicative claim, noting that it was "well established that a district court has broad discretion to . . . dismiss duplicative claims"); *Bell v. ReconTrust Co., N.A.,* 587 Fed. Appx. 402, at *7 (9th Cir. 2014) (same).

### D.    Plaintiff's UCL Claim Fails As A Matter of Law.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  Cal. Bus. & Prof. Code § 17200.  While the scope of conduct covered by the UCL potentially is broad, its remedies are limited to equitable relief; "damages cannot be recovered."  *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1144 (2003).  Moreover, a plaintiff must satisfy the UCL's restrictive standing requirements, which require a party to (1) demonstrate a loss or deprivation of money or property, i.e., *economic injury,* and (2) show that that economic injury was *caused by* the unfair business practice that is the gravamen of the claim. *Kwikset Corp. v. Sup. Ct.,* 51 Cal.4th 310, 322 (2011) (emphasis in original).

Applying these principles here, Plaintiff's UCL claim fails for three reasons: First, Plaintiff lacks standing to sue for injunctive relief.  Second, Plaintiff's UCL claim is contingent on pleading sufficient facts to state a plausible FCRA or ICRAA claim, which Plaintiff's FAC fails to do as to IntelliCheck.  Third, the FCRA preempts Plaintiff's request for injunctive relief under UCL.

### 1.    Plaintiff's UCL Claim Must Be Dismissed Because Plaintiff Lacks Standing To Allege This Claim.

To assert his UCL claim, Plaintiff must satisfy the standing requirements of both Article III and the UCL.  *See Birdsong v. Apple, Inc.,* 590 F.3d 955, 960 n.4 (9th Cir. 2009).  He fails to do either.  "To have standing to seek injunctive relief under Article III, 'a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not

38041216v.3

conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.'" *Pacific Rivers Council v. United States Forest Serv.*, 668 F.3d 609, 618 (9th Cir. 2012) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). A plaintiff seeking prospective injunctive relief must also establish a real or immediate threat of repeated future injury. *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 U.S. Dist. LEXIS 82026, *14-16 (N.D. Cal. June 13, 2012); *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999). A plaintiff "cannot rely on the prospect of future injury to unnamed class members if [he] cannot establish [he has] standing to seek injunctive relief." *Castagnola*, 2012 U.S. Dist. LEXIS 82026 at *14 (citations omitted).

Here, Plaintiff does not have Article III standing to seek injunctive relief against IntelliCheck because he fails to allege any non-conclusory facts that demonstrate a likelihood of suffering a "real or immediate threat" of future harm from IntelliCheck's alleged conduct. Plaintiff has not set forth any plausible reasons suggesting that IntelliCheck is likely to issue any future background report on him. The fact that IntelliCheck continues to operate in California and the conclusory allegation that Plaintiff and putative class members may be subjected to further background checks conducted by IntelliCheck fails to demonstrate that any future harm as a result of IntelliCheck's conduct is real, immediate, or likely. As such, Plaintiff has failed to allege that he is under any "real or immediate threat" of repeated future injury by IntelliCheck. Plaintiff's claim for injunctive relief under the UCL must therefore be dismissed for lack of Article III standing.

Additionally, Plaintiff lacks standing under the UCL because the UCL's private right of action is limited to persons "who [have] suffered injury in fact and [have] lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. As the California Supreme Court has held:

> To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim.

*Kwikset Corp.*, 51 Cal.4th at 322 (emphasis in original). Consequently, the standing requirements under the UCL are even narrower than Article III's standing requirements, as a UCL claim requires a person to

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

1    suffer an "economic injury" as opposed to an intangible injury not resulting in any economic loss. *Id.* at

2    324.

3         Here, Plaintiff fails to allege that IntelliCheck caused him to sustain an economic injury. At

4    most, Plaintiff ambiguously alleges that IntelliCheck's actions resulted in an invasion of his privacy.

5    (FAC ¶¶ 50, 51). But a conclusory allegation that IntelliCheck invaded his privacy does not equate to

6    economic injury. And Plaintiff does not allege additional facts that this alleged invasion of privacy

7    deprived him of money or property to which he had a cognizable claim, or that it required him to enter

8    into an economic transaction that would otherwise have been unnecessary. *See Kwikset Corp.*, 51

9    Cal.4th at 323. Thus, for this separate reason, Plaintiff lacks standing to allege a UCL claim.

10        **2.    Plaintiff's First Amended Complaint Makes No Allegations To Support His
11             UCL Claim Against IntelliCheck.**

12        In support of his UCL claim, Plaintiff alleges that IntelliCheck and Chico engaged in "unlawful"

13   business acts and practices by committing acts including "failing to provide Plaintiff and the California

14   UCL Class with a clear and conspicuous disclosure in a document consisting solely of the disclosure, a

15   statement that the Plaintiff and the California UCL Class may request additional disclosures concerning

16   the nature and scope of the investigation for the consumer report, a summary of the rights of Plaintiff

17   and the California UCL Class, a statement that Plaintiff and the California UCL Class may dispute the

18   accuracy of the consumer report, and a copy of the consumer report following an adverse action or

19   request for a copy as part of the application process." (FAC ¶ 110.) *None* of these alleged acts speak to

20   IntelliCheck's alleged conduct or any of its obligations as a CRA under the FCRA or ICRAA. Rather,

21   each of these alleged acts relate to the claims and allegations against Chico, for which it alone could

22   potentially be liable. Thus, Plaintiff fails to make any factual allegations to support his UCL claim

23   against IntelliCheck.

24        **3.    Plaintiff's UCL Request For Injunctive Relief Also Fails As A Matter Of Law
25             Because The FCRA Preempts Inconsistent Remedies Under State Law.**

26        Plaintiff's UCL claim also must be dismissed because his request for injunctive relief under the

27   UCL is preempted by the FCRA.

28

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

The FCRA limits a plaintiff's private cause of action to actual or statutory damages.  As stated above, a "UCL action is an equitable action . . . [and] damages are not available."  *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 173 (2000).  Under the FCRA, private plaintiffs may seek only money damages and not equitable relief such as an injunction, which is specifically reserved to the FTC.  *See* 15 U.S.C. § 1681s(a); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC.").  Thus, Plaintiff cannot use state law to obtain an injunction for FCRA violations because the FCRA expressly preempts any state law that is inconsistent with its remedial scheme.  *See, e.g.*, *Dicesari v. Asset Acceptance LLC*, No. 11-cv-6815, 2012 U.S. Dist. LEXIS 133168, at *16 (E.D. Pa. Sept. 18, 2012) (granting motion to dismiss "to the extent that Plaintiff seeks this injunction not under the FCRA, but under state law"); *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005) (same); *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1306 (M.D. Ala. 2009) (same); *Millett v. Ford Motor Credit Co.*, No. 04-cv-2450-CM, 2006 U.S. Dist. LEXIS 31095, at *12 (D. Kan. May 9, 2006) (same).  The same holds true for UCL actions seeking injunctive relief under the FCRA.  *See Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. 11-cv-6648 SBA, 2012 U.S. Dist. LEXIS 108597, at *8 (N.D. Cal. Aug. 2, 2012) (dismissing UCL claim seeking injunctive relief under FCRA violations because such relief is preempted); *Moran*, 2012 U.S. Dist. LEXIS 158598, at *24 (same).

Consequently, this Court should also dismiss Plaintiff's Seventh Claim for Relief because the FCRA preempts his ability to obtain equitable relief under the UCL

### E.     Plaintiff's First, Fifth, And Seventh Claims For Relief Should Be Dismissed With Prejudice Because Leave To Amend Would Be Futile

Leave to amend should not be granted where amendment would be futile.  *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).  Here, amendment of Plaintiff's First, Fifth, and Seventh Claims for Relief would be futile.  Plaintiff's First Claim for Relief under Section 1681c of the FCRA is premised on a fundamental misunderstanding of what a CRA is lawfully allowed to report under that Section.  Plaintiff's Fifth Claim for Relief Under Sections 1786.18 and 1786.20 of the ICRAA must be dismissed because the ICRAA is unconstitutionally vague.  And finally, Plaintiff's

13

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3

UCL claim cannot be sustained because Plaintiff lacks standing to bring such claim, has not and cannot allege sufficient facts to support a UCL claim against IntelliCheck and, in any event, the FCRA preempts the UCL claim.

Accordingly, Plaintiff's First, Fifth, and Seventh Claims for Relief should be dismissed with prejudice.

## V.    CONCLUSION

For the reasons set forth above, IntelliCheck respectfully requests that the Court enter an order dismissing Plaintiff's First, Fifth, and Seventh Claims for Relief with prejudice and granting IntelliCheck such further relief as the Court may deem just and proper.

DATED: April 14, 2017                              SEYFARTH SHAW LLP


                                                   By: /s/ *Selyn Hong*
                                                       Pamela Q. Devata
                                                       John W. Drury
                                                       Selyn Hong
                                                   Attorneys for Defendant
                                                   INTELLICHECK, LLC

DEFENDANT INTELLICHECK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT / CASE NO. 3:17-CV-00597-JST

38041216v.3